IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD RAY FARMER and TRUNETTE FARMER,<br><br>            Plaintiffs,<br><br>    v.<br><br>A.W. CHESTERTON COMPANY, et al.,<br><br>            Defendants.                          / | No. C 07-2057 CW<br><br>ORDER GRANTING PLAINTIFFS' MOTION TO REMAND |

   This action was originally filed in California Superior Court, San Francisco County.  It was removed to this Court on April 12, 2007.  Plaintiffs Donald Ray Farmer and Trunette Farmer move to remand the case.  Defendants Sulzer Pumps and Leslie Controls oppose the motion.  The matter was submitted on the papers.  Having considered the parties' papers, the Court grants Plaintiffs' motion.

                              BACKGROUND

   Donald Ray Farmer is a 67-year-old man who suffers from an asbestos-related cancer and is not expected to live longer than a few months.  He sued sixty-seven defendants in San Francisco County

1  Superior Court for negligence and strict liability resulting in his
2  asbestos-related cancer.  His wife, Trunette Farmer, sued
3  Defendants in the same action for loss of consortium.  Because of
4  his impending death, the court granted him a trial preference.
5      On March 19, 2007, when the case was assigned to a trial
6  department, nineteen defendants remained in the case, including
7  Defendants Sulzer Pumps and Leslie Controls and Defendant Bechtel
8  Corp., which has headquarters in San Francisco.  Defendant Bechtel
9  Corp. filed a motion <u>in limine</u> for non-suit, which the court
10 granted on April 5, 2007.  On April 12, 2007, just before the third
11 and final panel of potential jurors entered the courtroom,
12 Defendant Sulzer Pumps served Plaintiffs' counsel with a notice of
13 removal.  According to Defendant Sulzer Pumps, there is diversity
14 subject matter jurisdiction because Defendant Bechtel Corp. was
15 dismissed from the action.

                              DISCUSSION

17     A defendant may remove a civil action filed in state court to
18 federal district court so long as the district court could have
19 exercised original jurisdiction over the matter.  28 U.S.C.
20 § 1441(a).  On a motion to remand, the scope of the removal statute
21 must be strictly construed.  <u>Gaus v. Miles, Inc.</u>, 980 F.2d 564, 566
22 (9th Cir. 1992).  "The 'strong presumption' against removal
23 jurisdiction means that the defendant always has the burden of
24 establishing that removal is proper."  <u>Id.</u>  Courts should resolve
25 doubts as to removability in favor of remanding the case to state
26 court.  <u>Id.</u>

2

Defendant Sulzer does not meet its burden; it fails to establish that removal is proper.

## CONCLUSION

Therefore, Plaintiffs' Motion to Remand (Docket No. 14) is GRANTED and this case is remanded to state court.

IT IS SO ORDERED.

Dated: 5/2/07

CLAUDIA WILKEN
United States District Judge

3